### No. 806
### GLOBE IND. CO. v. LAKE ERIE LUMB. & SUP CO.
### No. 19294. Supreme Court

On motion to certify. Dock. July 29, 1925; 3 Abs. 482.

**1235. VERDICT**—Where special verdict is requested, must a form or outline of such request be submitted to court before it may be granted?

**647. INSURANCE**—Where holder of automobile liability insurance does not notify company immediately as provided for in policy, does it work as a breach of the insurance contract?

The Lake Erie Lumber and Supply Co. brought an action in the Cuyahoga Common Pleas to recover damages against the Globe Indemnity Co. for the alleged breach of an automobile liability insurance policy. The Indemnity Co. denied liability because of the Lumber Company's failure to notify it of the accident as required by the policy. The Lumber Co. recovered a judgment for the full amount and the Court of Appeals affirmed the judgment.

It seems that a truck of the Lumber Co. which carried an automobile liability insurance policy came into violent collision with a car of the Cleveland Railway Co. Two women among the passengers in the car were injured. The truck was smashed and the car was badly damaged. The Lumber Co. did not notify the Indemnity Co. of the occurrence of this accident immediately; but waited until three months afterward. The injured parties recovered judgments against the Lumber Co. which brought suit for reimbursement.

In the Supreme Court on motion to certify it is contended:

Since the Lumber Co. had knowledge that an accident resulting in personal injuries had occurred, its failure to notify the Indemnity Co. until more than three months afterward, amounted to a breach of the obligation imposed upon it by the contract of insurance and released the Indemnity Co. from liability for that particular accident.

It was further contended that the refusal of the trial court to direct the jury to return a special verdict as requested by the Indemnity Co. and provided for in 11462 GC., was prejudicial error and requires the reversal of the judgment rendered.

PUBLISHER'S COLUMN
# The Ohio Law Abstract
Entered as second class matter, February 28, 1923, at the Post Office, Cleveland, Ohio, under the Act of March 3, 1879

Issued Every Wednesday    50 Weeks of the Year

## SUBSCRIPTION PRICES AND TERMS

One year (50 issues) Payable in Advance........$15.00
Single Numbers ................................. .35

When cash is mailed to us in advance
20 per cent discount

### THE LAW ABSTRACT COMPANY

Office Editorial Rooms and Library
13916 Euclid Avenue, Cleveland, O.

Address all mail communications to
P. O. Box 2455, East Cleveland Sta.

### EXPIRATIONS

We send notices to subscribers, four weeks in advance of the date to which their subscription is paid, thus assuring them of ample knowledge in time to prepay renewals, and save the 20 per cent we give to those who mail the money in advance.

It is claimed that the statute makes it mandatory upon the court to instruct the jury to return a special verdict when such request is made. It is further claimed that the Indemnity Co. had abundant reasons for making such request and expected the same to be granted.

The Court of Appeals upheld the trial court on this point declaring that it was not incumbent upon the trial judge to prepare such a special verdict when the Indemnity Co. offered no special verdict drawn in accordance with what its views thereof should be, and that since the trial court had given special charges requested by the Indemnity Co., it had waived its right to ask for such a verdict.

It is alleged that the statute does not make it conditional, upon the submission of a form along with the request for a special verdict, before such special verdict may be granted. It is further claimed that of the nine special requests submitted by the Indemnity Co. seven were refused.

Attorneys—Dustin, McKeehan, Merrick, Arter & Stewart for Indemnity Co.; Tolles, Hogsett, Ginn & Morely for Lumber Co.; all of Cleveland.